Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
15 Maiden Lane, Suite 2000
New York, New York 10038
(212) 964-5100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X CASE NO.:
DWAYNE THOMAS, ,

          PLAINTIFF'S COMPLAINT

     PLAINTIFF,

    -against-

          (Plaintiff Demands a Trial by
GENERAL MOTORS,         (Jury of all issues herein)


    DEFENDANT..
-------------------------------------------------------------------------X

The plaintiff, by and through his attorney Gary S. Fish, Esq., sets forth the following as his Complaint against defendant herein.

I. PARTIES AND JURISDICTION

1. On or about April 19, 2014, and at all times relevant herein, the plaintiff, a US citizen, resided and resides at 1652 Park Avenue, #4E, NY, NY 10035.

2. On or about April 19, 2014, and at all times relevant herein, on information and belief, defendant General Motors was and is a foreign corporation lawfully organized and existing under the laws of the State of Michigan, and on said date and all times relevant herein, said defendant had and has a principal place of business located at 300 Renaissance Center, Detroit, Michigan 48243.

3. Pursuant to 28 U.S.C. Section 1343(a) (3), the Federal Court herein has original jurisdiction

to redress the deprivation of civil rights under color of any law, statute, ordinance of any right, privilege, or immunity secured by the U.S. Constitution, providing for equal rights of citizens or of all persons within U.S. jurisdiction, and jurisdiction exists under the alleged Federal National Traffic and Motor Vehicle Safety Act.

6. Pursuant to 28 U.S.C. Section 1391(b) in a case where jurisdiction is not solely founded on diversity jurisdiction, such as the present case, venue is proper where the defendant resides or a judicial district where a substantial part of the events giving rise to the claim occurred, and venue is proper therefor in the United States District Court, Southern District of New York.

COUNT I
(VIOLATION OF UCC SECTION 2-314, BREACH OF IMPLIED
WARRANTY OF MERCHANTABIITY)

7. On or about April 19, 2014, at approximately 500AM, , while the plaintiff was lawfully operating his 2005 Cadillac DeVille, VIN 1G6KD54Y35U205373 (General Motors Recall #14299, August 2014) on or near 120th and Madison, NY, NY, the ignition key ring malfunctioned, causing plaintiff to veer off the road, and strike a pole, resulting in the below described injuries and damages.

8. The aforedescribed motor vehicle was a good and/or item of personalty manufactured and/or placed in the stream of commerce by defendant.

9. The defective ignition key ring, Plaintiff Exhibit "1" attached, constituted evidence that the subject motor vehicle was not merchantable, and defendant breached its implied warranty of merchantability herein.

10. As a result of defendant's breach of implied warranty of merchantability, plaintiff sustained property damage, sustained loss of consciousness, sustained a concussion and

sustained injuries to his neck, body and head, which will long continue.

11. As a result of defendant's breach of implied warranty of merchantability, plaintiff was caused to incur hospital, medical and medical-related expenses at Harlem Hospital, Plaintiff Exhibit "2" attached hereto.

COUNT II
( VIOLATION OF FEDERAL NATIONAL TRAFFIC AND MOTOR VEHICLE SAFETY ACT)

12. Plaintiff herewith repeats, restates and realleges Paragraphs 1-11 herein above.

13. As a result of defendant's violation of Federal National Traffic and Motor Vehicle Safety Act, plaintiff sustained damages within the jurisdiction of this Court.

14. Plaintiff incurred reasonable attorney fees and costs as a result of defendant's violation of the subject Act herein.

COUNT III
(RES IPSA LOQUITOR)

15. Plaintiff herewith repeats, restates and realleges Paragraphs 1-14 herein above.

16. The subject technology pertaining to the subject ignition key ring was at all times relevant herein, within the exclusive possession, dominion and/or control of defendant.

17. The motor vehicle collision that occurred herein would not have occurred but for the negligence of defendant.

COUNT IV
(NEGLIGENT DESIGN)

18. Plaintiff herewith repeats, restates and realleges Paragraphs 1-17 herein above.

19. Defendant breached a duty of care to foreseeable consumers such as plaintiff by designing the subject 2005 Cadillac DeVille with a faulty ignition key ring, although it

knew and/or should have known that such design was faulty.

20. As a result of defendant's negligent design, plaintiff sustained the above injuries and damages.

## COUNT V
## (UNFAIR AND DECEPTIVE BUSINESS PRACTICE, IN VIOLATION OF SECTION 349 OF GENERAL BUSINESS LAW)

21. Plaintiff herewith repeats, restates and realleges Paragraphs 1-20 herein above.

22. At all times relevant herein, defendant was engaged in a business, trade and/or skill in the State of New York.

23. By creating a faulty ignition key ring, and failing to disclose same to foreseeable consumers such as plaintiff, defendant engaged in an unfair and deceptive business practice under Section 349 of General Business Law of State of New York.

24. Defendant's unfair and deceptive business practice was knowing and/or wilful.

WHEREFORE, plaintiff prays for relief as follows:

AS AND FOR EACH OF THE FIRST, SECOND, THIRD, and FOURTH COUNTS:

1. For general damages in the amount of Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00);

2. For costs;

3. For disbursements; and

4. For any other just relief deemed proper by the Court.

AS AND FOR THE FIFTH COUNT:

1. For damages in the amount of One Thousand Dollars and Zero Cents ($1,000.00);

2. For reasonable attorney fees and costs;

3. For disbursements; and

4. For any other just relief deemed proper by the Court.

DATED: NEW YORK, NEW YORK
APRIL 4, 2017

Respectfully submitted,

*Gary A. Fish*
Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
15 Maiden Lane, Suite 2000
NY, NY 10038; (212) 964-5100